*404 OPINION of the Court, by
Judge Boyle.
— 'Thi<s was a prosecution for bastardy, before the county court of Adair county. Miller was adjudged by the court to be the father of the bastard child in question, and awarded to pay, for the use and maintenance of the child, to such guardian as the court might appoint, the sum of two hundred dollars in annual instalments specified in the judgment, and to give bond with sufficient security, for the performance of the judgment or order of the court.
Sundry objections are made by the errors assigned, to the proceedings in this case.
Í st. That the warrant was illegal and void, in not stating that Miller was a resident of the county of Adair.
2d. That the recognizance for his appearance was illegal in binding the securities in the sum of ten pounds each.
3d. That the court erred in permitting the examination on oath of Polly Stapp, the mother of the bastard child, to be read as evidence on the trial.
4tb. That it does not appear from the warrant or any other part of the proceedings, that Polly Stapp was not a slave.
The county court may take a baud io the Governor conditioned fot the payment, of the money assessed upon the father of a bastard, tq a guar-, ¿tar. appointed by themselves,.
And 5th. that the law requires, instead of a bond as directed by the court for the payment ol the money awarded against the defendant, that a recognizance should have been taken to the Governor and his successors.
The 1st, 2d and 4th, objections to the proceedings, ■without deciding upon their validity, maybe dismissed with this single remark ; that after an appearance and answer in chief to the merits, it is too late to object to preliminary process intended to compel an appearance.
That the examination on oath before the magistrate, of the mother of the bastard child, ought not, if objected to as incompetent, to have been received as evidence, and that as the court were judges of both the competency and the credibility of the evidence, the objection to its competency might have been made at any time either before or after its being read, are propositions of which the court entertain no doubt. But the. statement in the bill of exceptions, does not warrant the conclusion that any objection was made to the competency of the evidence at any period of the trial. It is stated in the bill of exceptions, that “ to the reading of the examination, no objection was made by the defendant, except that in the course of the remarks made by his counsel in arguing the merits of the causej it was stated to be insufficient.'”
That there is a clear distinction between the competency and sufficiency of testimony cannot be questioned , testimony might be competent, and yet not sufficient for the purpose of conviction. Thus for instance, the tes timony of a witness against whom no objection would lie upon the score of competency, might nevertheless be insufficient ; because his credit was impeached, or because the facts deposed by him, would not warrant an inference of law in favor of the right of the party whose witness he was. As we ought to presume, that professional men always use appropriate language with technical precision, in relation to subjects belonging to their art ; we cannot suppose that in the present case, the eouasel who objected to the sufficiency of thé evidence, meant that his objection should go to its competency. There being in this case no circumstance impeaching the credit of the witness, and the facts asserted by the testimony being sufficient in law to warrant the judgment given by the county court, we can see no validity *406 in the objection. As to the last objection little need Lex said.
The law'requires the father of the bastard child, when judgment is awarded against him, to enter into bond with sufficient security, for paying the money in such proportions as the court may order. The bond is to be given to the Governor and his successors, but it is not expressed, nor could it have been intended by the legislature, that the bond should be conditioned for the payment of the money to the Governor. There is nothing in the order of the court that implies that the bond should not be given to the Governor, and the court might with propriety direct it to be conditioned for the payment of the money to a guardian appointed, by themselves. — —Judgment affirmed.