COMMONWEALTH
vs.
HAZLERIGG.

the offender is brought before a justice of the peace, in which case he must associate with him another justice of the peace, who may examine and commit, or discharge, or bail the accused

---

## Commonwealth vs. Hazlerigg.

APPEAL FROM MORGAN CIRCUIT.

Case 6.

BASTARDY.

1. The 2d sec. of the Rev. Stat. chap. VI, page 141, which directs that the county judge, on application for a warrant in a case of bastardy, shall take down the statement of the mother of the child in writing,

COMMONWEALTH
*vs.*
HAZLERIGG.

and sign it, does not require that such statement shall be filed with the warrant, nor was it necessary to report the warrant. 3 *Marshall*, 356; 1 *Bibb*, 404; *Litt. Sel. ca.* 88.

2. It should not be presumed, in the absence of all proof, that the judge, before issuing the warrant in a bastardy case, had not complied with all the requisites of the Statutes.

CASE STATED.

The county judge of Morgan county issued his warrant against the defendant, in which it is stated that "Leah Sexton, of said county, single woman, hath, upon oath, declared before me, William Lykins, county judge in and for Morgan county, Kentucky, that on the 26th day of October, now last past, at the house of her residence in the county of Morgan, and state aforesaid, she was delivered of one male bastard child," and that John W. Hazlerigg is the father thereof. The defendant being arrested, and brought before the county judge, entered into a recognizance to appear before the same judge at the next county court. The defendant appeared accordingly, and objecting to the judge, it was agreed that E. McClure should adjudicate and decide the case. The defendant thereupon moved to dismiss the case, on the ground that no separate affidavit had been returned with the warrant, which motion was sustained, and the case dismissed, and the Commonwealth has appealed.

*James Harlan,* Attorney General, and *W. H. Burns,* for Commonwealth—

1. The law does not require the return of the affidavit of the mother of a bastard child, made before the judge, on an application for a warrant against the father of such child.

2. This court will not presume that the county judge failed to discharge the duty required by the statute.

3. The law does not require that the affidavit shall be returned with the warrant. *Revised Statutes, chap.* 6, *title Bastardy, section* 2 *and* 3, *page* 141.

4. The provisions of the statute in regard to the affidavit are directory to the judge, and if he failed

to comply with them no injury should result to the Commonwealth, especially after the defendant has been arrested and given a recognizance.

<span style="float:right">COMMONWEALTH<br>*vs.*<br>HAZLERIGG.</span>

5. The warrant, on its face, shows a substantial compliance with the statute, and defendant fully apprised, by the warrant, of the nature of the charge he was called to answer.

Judge DUVALL, delivered the opinion of the court.

<span style="float:right">June 2, 1857.</span>

*Section 2, of chapter 6, Revised Statutes, page 141,* provides, that "any unmarried white woman may go " before a judge of the county court of the county in " which she has been delivered of a bastard child, " and accuse any person of being the father of the " child. *Such judge shall examine her under oath, and* " *reduce her statement to writing and sign it.*"

Reference is made to the act of 1795, (1 *Statute law,* 238,) the first section of which requires that the mother of the bastard shall make oath that she was, on a certain day, delivered of a bastard child, at the place and county where said delivery shall have happened, and also name in said oath the sex of such bastard child, and the person who is the father thereof, *whereupon* it shall be lawful for such justice to issue his warrant, &c.

Under the latter act it has been repeatedly decided by this court, that after an appearance and answer in chief to the merits, it is two late to object to preliminary process intended to compel an appearance; that when the defendant had entered into the recognizance for his appearance at court the warrant was *functus officio*, and that it was not even necessary for the Magistrate to report the warrant to the county court. (3 *Marshall,* 356; 1 *Bibb,* 404; *Lit. Sel. Cases,* 88.)

In the case under consideration the defendant, upon being arrested under the warrant, executed the recognizance required by law; subsequently appeared in discharge thereof; procured, on his motion, a continuance of the case, and the substitution of

COMMONWEALTH
*vs.*
HAZLERIGG.

another person to act in place of the presiding judge, and then moved the court to dismiss the warrant "on the ground that there was no seperate affidavit *filed with the warrant*," which motion was sustained, and the cause dismissed.

It will be observed that the section of the Revised Statutes above quoted does not require that the preliminary examination and statement, under oath, of the mother, shall be filed with the warrant, or that it shall even be returned to the court in which the subsequent proceedings are to be had. The requirement simply is, that the judge shall examine her under oath, and reduce her statement to writing, and sign it. We are by no means prepared to decide, therefore, that the failure of the judge to make out and sign such written statement, would, of itself, furnish a sufficient ground for dismissing the warrant, especially where, as in the present case, the warrant recites every fact which would probably have been elicited by the preliminary examination, or have been contained in the written statement of it.

1. The *2d sec. of Rev. Stat. chap. VI, page* 141, which directs that the county judge, on application for a warrant in a case of bastardy, shall take down the statement of the mother of the child in writing, and sign it, does not require that such statement shall be filed with the warrant, nor was it necessary to report the warrant. 3 *Marshall*, 356; 1 *Bibb*, 404; *Litt. Sel. ca.* 88.

But the order dismissing the warrant is clearly erroneous upon another ground. The record exhibits no fact or circumstance conducing to show that the judge had not, in fact, made the examination in the form required by the statute. The law imposed that duty upon him, and we are bound to presume, in the absence of all proof to the contrary, that he performed it. This presumption is not repelled by the circumstance that he failed to *file* the written statement with the warrant, because, as before stated, he was not required to file it, or to return it with the other papers pertaining to the case.

2. It should not be presumed, in the absence of all proof, that the judge, before issuing the warrant in a bastardy case, had not complied with all the requisites of the Statutes.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.